**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| EDWARD BRANFORD GIBSON and NICOLE LYNETTE GIBSON, Husband and Wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIELDSTONE MORTGAGE COMPANY; STEWART TITLE COMPANY; QUICKEN LOANS INC.; TITLE SOURCE, INC; MORTGAGE ELCTRONIC REGISTRATION SYSTEMS, INC. [MERS]; RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, LP; FIRST AMERICAN TITLE INSURANCE COMPANY; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in this action,<br><br>    Defendants. | 3:11-cv-00176-ECR-VPC<br><br>**Order** |

    Plaintiffs are homeowners who allege that they are the victims of a predatory lending scheme perpetrated by Defendants.  Plaintiffs assert causes of action for (i)injunctive relief; (ii) declaratory relief; (iii) debt collection violations; (iv) violation of the Unfair and Deceptive Trade Practice Act; (v) unfair lending practices; (vi) breach of the covenant of good faith and fair dealing; (vii) wrongful foreclosure; (viii) quiet title; (ix) fraud through omission; and (x) fraud in the inducement.  Now pending is

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company, N.A. ("ReconTrust"), and BAC Home Loans Servicing, LP's ("BAC") motion (#7) to dismiss for failure to state a claim and to expunge the lis pendens.

## I. Factual Background

On our about April 19, 2005, Plaintiffs executed a note in the amount of $206,400.00 in favor of lender Defendant Fieldstone Mortgage Company and a deed of trust with respect to the real property located 1315 La Loma Drive, Carson City, Nevada 89701 (the "property"). (Am. Pet. Removal Ex. A ("Complaint" or "Compl.") ¶ 6 (#4).) The first deed of trust names Defendant Stewart Title Company trustee and Defendant MERS the beneficiary. (Id.) On or about October 26, 2005, Plaintiffs used their home as security in executing a second note in the amount of $24,000.00 in favor of lender Defendant Quicken Loans, Inc. and a deed of trust with respect to the property. (Id. ¶ 7.) The second deed of trust names Defendant Title Source, Inc. trustee and Defendant MERS the beneficiary. (Id. ¶ 8.)

Defendant BAC later acquired the servicing rights for the first loan and Defendant ReconTrust was substituted as trustee. (Id. ¶¶ 11-12.) Defendant ReconTrust executed a Notice of Default/Election to Sell Under Deed of Trust recorded by Defendant First American National Default on March 19, 2010. (Id. ¶ 10.) On January 4, 2011, First American National Default recorded a Notice of Trustee's Sale on the property. (Id. ¶ 12.)

2

## II. Procedural Background

On January 24, 2011, Plaintiffs filed a complaint (#4 Ex. A) in the First Judicial District Court of the State of Nevada in and for Carson City. On March 8, 2011, Defendants MERS, BAC, and ReconTrust filed a petition (#1) for removal to the United States District Court for the District of Nevada. The same defendants filed an amended petition (#4) for removal on March 15, 2011. On March 15, 2011, Defendants MERS, BAC, and ReconTrust moved (#7) to dismiss the complaint for failure to state a claim and to expunge the lis pendens recorded on the property.

## III. Legal Standard

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. The Court must draw all reasonable inferences in favor of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the

3

1  Court must then determine whether the complaint "states a plausible
2  claim for relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550
3  U.S. at 555).  "A claim has facial plausibility when the plaintiff
4  pleads factual content that allows the court to draw the reasonable
5  inference that the defendant is liable for the misconduct alleged."
6  Id. at 1949 (citing Twombly, 550 U.S. at 556).  This plausibility
7  standard "is not akin to a 'probability requirement,' but it asks
8  for more than a sheer possibility that a defendant has acted
9  unlawfully." Id.  A complaint that "pleads facts that are 'merely
10 consistent with' a defendant's liability...'stops short of the line
11 between possibility and plausibility of 'entitlement to relief.'"
12 Id. (quoting Twombly, 550 U.S. at 557).

### IV. Discussion

15      Defedants MERS, BAC, and ReconTrust ("Defendants") filed a
16 motion (#7) to dismiss pursuant to Federal Rule of Civil Procedure
17 12(b)(6) for failure to state a claim upon which relief can be
18 granted.

**A. Debt Collection Violations**

20      Plaintiffs' claim that the non-judicial foreclosure of the
21 property violated the federal Fair Debt Collection Practices Act
22 ("FDCPA") as incorporated into Nevada Revised Statutes § 649.370
23 fails as a matter of law.  At the threshold, Plaintiffs must
24 establish that Defendants are debt collectors within the meaning of
25 the FDCPA.  The FDCPA defines "debt collector" as "any person who
26 uses any instrumentality of interstate commerce or the mails in any
27 business the principal purpose of which is the collection of any

28                                  4

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This definition does not include any person who collects debts "to the extent such activity . . . (ii) concerns debt which was originated by such person; [or] (iii) concerns a debt which is not in default at the time it is obtained by such person." 15 U.S.C. § 1692a(6)(F).

Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. Fitzgerald v. Clarion Mortg. Capital, No. 3:10-cv-766, 2011 WL 2633502 at *5 (D. Nev. July 5, 2011) (citing Camacho-Villa v. Great W. Home Loans, No. 3:10-CV-210, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011)); see also Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). Moreover, liability under Chapter 649 of the Nevada Revised Statutes ("NRS") is premised on liability under the FDCPA. Nev. Rev. Stat. § 649.370. Because Plaintiffs' FDCPA claim fails as a matter of law, any claim made pursuant to Nevada law must also fail. Thus, this Court dismisses Plaintiffs' third claim for debt collection violations. Furthermore, because the Court finds that amendment would be futile, Plaintiffs will be denied leave to amend.

**B. Unfair and Deceptive Trade Practices**

Plaintiffs' fourth claim for unfair and deceptive trade practices, pursuant to NRS § 598.0923 also fails as a matter of law. According to the statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation without all

5

required state, county, or city licenses.  Nᴇᴠ. Rᴇᴠ. Sᴛᴀᴛ. § 598.0923(1).  However, the statutes explicitly state that the following activities do not constitute "doing business" in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts.  Nᴇᴠ. Rᴇᴠ. Sᴛᴀᴛ. § 80.015(1)(a), (g)-(h).  Because Defendants are explicitly exempted from acquiring licenses in this mortgage case, the Court dismisses Plaintiffs' fourth cause of action.  Furthermore, this claim will be dismissed with prejudice because the Court finds that amendment would be futile.

**C. Unfair Lending Practices**

Plaintiffs' fifth claim for violation of Nevada's Unfair Lending Practices Act is time-barred.  The statute of limitations for "[a]n action upon a liability created by statute" is three years.  Nᴇᴠ. Rᴇᴠ. Sᴛᴀᴛ. § 11.190 (3)(a).  Plaintiffs obtained the first and second loans in 2005 and filed their complaint (#4 Ex. A) in 2011.  Plaintiffs' claim for unfair lending practices is therefore untimely and must be dismissed with prejudice as amendment would be futile.

**D. Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiffs' sixth claim also fails as a matter of law. Pursuant to Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution."  A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  This duty

6

requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991). To prevail on a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must show: (i) the plaintiff and defendants were parties to a contract; (ii) the defendant owed plaintiff a duty of good faith and fair dealing; (iii) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (iv) the plaintiff's justified expectations were denied. Fitzgerald, 2011 WL 2633502 at *6 (citing Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995)).

Plaintiffs claim that Defendants breached the implied covenant "in leading the Plaintiffs to believe that the foreclosure on their home was suspended while they proceeded to foreclose." (Compl. ¶ 91 (#4 Ex. A).) Plaintiffs further allege that Defendants BAC and MERS breached the covenant by luring Plaintiffs into the initial loans. (Id. ¶ 87.) Plaintiffs have failed, however, to allege a single fact that would establish that the manner in which Defendants complied with the contracts at issue, apparently the first note and first deed of trust, contravened the intention or spirit of the contracts. Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing will therefore be dismissed.

**E. Wrongful Foreclosure**

Plaintiffs' claim that the foreclosure on their home is wrongful rests primarily on the argument that Defendants have no right to foreclose upon their property because they have not

7

produced the original note to prove the identity of the real party in interest.  An action for the tort of wrongful foreclosure will lie only "if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale."  <u>Collins v. Union Fed. Sav. & Loan Ass'n</u>, 662 P.2d 610, 623 (Nev. 1983).  Plaintiffs have failed to allege that they are not in breach of the loan agreements.  As such, they have failed to state a claim for wrongful foreclosure.  Furthermore, a claim for wrongful foreclosure does not arise until the power of sale is exercised.  <u>Id.</u>  As the property has not yet been sold (Defs.' Mot. Dismiss at 4 (#7),) Plaintiffs' claim for wrongful foreclosure in violation of NRS §§ 107.080 and 645F.440 is not actionable and will be dismissed.

**F. Quiet Title**

In Nevada, a quiet title action maybe brought "by an person against another who claims an . . . interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."  Nev. Rev. Stat. § 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.  <u>Breliant v. Preferred Equities Corp.</u>, 918 P.2d 314, 318 (Nev. 1996).  "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property."  <u>Lalwani v. Wells Fargo Bank, N.A.</u>, No. 2-11-CV-0084, 2011 WL 4574388, at *3 (D. Nev. Sept. 30, 2011) (citing <u>Ferguson v. Avelo Mortg., LLC</u>, No. B223447, 2011 WL 2139143, at *2

8

(Cal. App. 2d June 1, 2011)).  Here, Plaintiffs have failed to allege that they are not in breach of the loan agreement and have alleged no facts demonstrating good title in themselves.  In fact, Plaintiffs admit in their Complaint that they encumbered the property.  (Compl. ¶ 6 (#4 Ex. A).)  Accordingly, their quiet title claim must be dismissed.

**G. Fraud Through Omission**

Under Nevada law, a claim for fraudulent concealment must plead that defendant concealed or suppressed a material fact that he or she was under a duty to disclose to the plaintiff.  Nev. Power Co. v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995) (citing Nevada Jury Instruction 9.03).  Like many of Plaintiffs' claims, this claim fails on its face because it is well-settled that lenders and servicers owe no fiduciary duties to mortgage borrowers.  Megino v. Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5 (D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865 (9th Cir. 2007)); see also Kwok v. Recontrust Co., No. 2:09-cv-02298, 2010 WL 255615, at *5 (D. Nev. June 23, 2010); Saniel v. Recontrust Co., No. 2:09-cv-2290, 2010 WL 2555625, at *5 (D. Nev. June 23, 2010); Renteria v. United States, 452 F.Supp.2d 910, 922-23 (D. Ariz. 2006) (holding that borrowers cannot establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); Oaks Mgmt. Corp. v. Superior Court of San Diego Cty., 51 Cal. Rptr. 3d 561, 570 (Cal. Ct. App. 2006).

9

1    Plaintiffs allegations in support of these claims are vague and
2 conclusory, asserting only that Defendants failed to disclose
3 certain facts about the inner workings of the mortgage industry,
4 that Plaintiffs were not qualified for the loans, and that
5 Defendants had no right to foreclose on Plaintiffs' property.
6 (Compl. ¶¶ 139, 144, 146 (#4 Ex.4).)  Moreover, Plaintiffs cannot
7 show that Defendants owed them a duty to disclose these alleged
8 facts.  For this reason, Plaintiffs claim for fraud through omission
9 must be dismissed with prejudice as amendment would be futile.

**G. Fraud in the Inducement**

11    In order to state a claim for fraud in the inducement, a
12 plaintiff must show that the defendant knowingly made a false
13 representation to the intent to induce the plaintiff to consent to
14 the contract's formation.  <u>J.A. Jones Constr. Co. v. Lehrer McGovern
15 Bovis, Inc.</u>, 89 P.3d 1009, 1017 (Nev. 2004).

16    "In alleging fraud or mistake, a party must state with
17 particularity the circumstances constituting fraud or mistake."
18 FED. R. CIV. P. 9(b).  In order to meet the heightened pleading
19 requirements, a plaintiff must specify the time, place, and content
20 of the misrepresentation as well as the names of the parties
21 involved.  <u>See</u> <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 993 n. 10
22 (9th Cir. 1999).  In a case with multiple defendants, "Rule 9(b)
23 does not allow a complaint to merely lump multiple defendants
24 together but requires plaintiffs to differentiate their allegations
25 when suing more than one defendant and inform each defendant
26 separately of the allegations surrounding his alleged participation

10

in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks and citation omitted).

Plaintiffs claims fail to satisfy the heightened pleading standard of Rule 9(b). Plaintiffs allegations in support of these claims are vague and conclusory, asserting only that misrepresented that Plaintiffs were qualified for these loans. (Compl. ¶¶ 139, 144, 146 (#4 Ex.4).) For this reason, Plaintiffs' claim for fraud in the inducement must be dismissed.

**H. Injunctive and Declaratory Relief**

Plaintiffs assert "claims" for injunctive and declaratory relief as their first and second causes of action. However, injunctive and declaratory relief are remedies, not independent causes of action. In re Wal-Mart Wage & Hour Emp't Practices Litig., 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Furthermore, both of these claims are derivative of Plaintiffs' other substantive claims, which all fail as a matter of law. Accordingly, Plaintiffs' first and second claims for relief must be dismissed.

### V. Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is to be "freely given when justice so requires." In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001) (quoting Morongo Band of Missions Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). If factors such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment are present, leave to amend may properly be denied in the district

11

court's discretion.  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051-52 (9th Cir. 2003).  Because the Court finds that amendment with regard to Plaintiffs' third, fourth, fifth, and ninth causes of action would be futile, leave to amend these claims will be denied.

However, in light of the liberal spirit of Rule 15(a), Plaintiffs should have an opportunity to amend their complaint with regard to their first, second, sixth, seventh, eight, and tenth claims for relief.  There is no reason why Plaintiffs could not cure some of the deficiencies we have noted here, such as the conclusory and vague allegations against undifferentiated defendants.  Should Plaintiffs choose to do so, however, they shall plead facts, as opposed to legal conclusions.  If the amended complaint is similarly deficient, we may be forced to conclude that leave to further amend would be futile.

### **VI. Conclusion**

Plaintiffs have failed to state a claim upon which relief can be granted.  Plaintiffs will be given leave to amend their first, second, sixth, seventh, eighth, and tenth claims for relief.  Should they choose to do so, however, they shall plead facts, not legal conclusions.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants MERS, BAC, and ReconTrust's motion (#7) to dismiss is **GRANTED**.  Plaintiffs shall have twenty-one (21) days within which to file an amended complaint.

1     **IT IS FURTHER ORDERED** that Defendants motion (#7) to expunge
2 the lis pendens recorded on the property is **DENIED**, as there still
3 exists an action affecting title or possession of the property.

6 DATED: October __8__, 2011.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE