**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | |
|---|---|
| EDWARD BRANFORD GIBSON and NICOLE LYNETTE GIBSON, Husband and Wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>HARBORVIEW MORTGAGE LOAN TRUST 2005-7 MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-7, Deutsche Bank National Trust Company, Trustee; FIELDSTONE MORTGAGE COMPANY; STEWART TITLE COMPANY; QUICKEN LOANS INC.; TITLE SOURCE, INC; RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, LP; FIRST AMERICAN TITLE INSURANCE COMPANY; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in this action,<br><br>    Defendants. | 3:11-cv-00176-ECR-VPC<br><br>**Order** |

Plaintiffs are homeowners who allege that they are the victims of a predatory lending scheme perpetrated by Defendants. Plaintiffs assert the following causes of action: (1) Violation of the Covenant of Good Faith and Fair Dealing; (2) Violation of NRS 107.080 et seq.; (3) Quiet Title Action; and (4) Fraud in the Inducement. Now pending is a Motion to Dismiss First Amended Complaint (#40) filed by Defendant BAC Homes Loans Servicing, LP ("BAC"), Recontrust

Company, N.A. ("Recontrust"), and Harborview Mortgage Loan Trust 2005-7 Mortgage Loan Pass-Through Certificates, Series 2005-7, Deutsche Bank National Trust Company, Trustee ("Harborview") (collectively, the "Moving Defendants").

## I. Factual Background

On our about April 12, 2005, Plaintiffs executed a note in the amount of $206,400.00 in favor of lender Defendant Fieldstone Mortgage Company ("Fieldstone") and a Deed of Trust with respect to the real property located at 1315 La Loma Drive, Carson City, Nevada 89701 (the "property"). (First Am. Compl. ("FAC") ¶¶ 3, 5 (#29).) The first Deed of Trust names Defendant Fieldstone as lender, Defendant Stewart Title Company ("Stewart Title") as trustee, and Mortgage Electronic Registration System ("MERS") as the beneficiary. (Id. ¶ 3.) The first Deed of Trust was recorded by Defendant Stewart Title on April 19, 2005 as Document No. 335092. (Id.)

On or about October 26, 2005, Plaintiffs used their home as security in executing a second note in the amount of $24,000.00 in favor of lender Defendant Quicken Loans, Inc. ("Quicken") secured by a second Deed of Trust recorded against the property. (Id. ¶¶ 4, 6.) The second Deed of Trust names Defendant Quicken as lender, Defendant Title Source, Inc. as trustee, and MERS as the beneficiary. (Id. ¶ 8.) The second Deed of Trust was recorded by First Centennial Title Company on October 31, 2005 as Document No. 345140. (Id. ¶ 4.)

Defendant BAC Homes Loans Servicing, LP ("BAC") later acquired the servicing rights for the first loan. (Id. ¶ 9.)

2

MERS, acting as nominee and beneficiary under the first Deed of Trust assigned the beneficial interest in the first note and the first Deed of Trust to Defendant Harborview on March 25, 2010. (Corporation Assignment of Deed of Trust[1] (#40-9).)  The Corporation Assignment of Deed of Trust was recorded by First American National Default as Document No. 399336 on March 30, 2010.

Also on March 25, 2010, Defendant Harborview substituted Defendant ReconTrust as the trustee under the first Deed of Trust. (Substitution of Trustee (#49-10.)  The first Substitution of Trustee was recorded by First American Default on March 30, 2010 as Document No. 399337.

Thereafter MERS, acting as nominee and beneficiary of the lender under the first Deed of Trust, also substituted Defendant ReconTrust as the trustee under the first Deed of Trust on July 2, 2007. (Substitution of Trustee (#40-8).)  The second Substitution of Trustee was recorded by Ticor Title of Nevada, Inc. as Document No. 370103 on July 23, 2007.  (Id.)

---

[1] Defendants have requested that the Court take judicial notice of the publicly recorded documents pertaining to the property, copies of which are filed in support of the Motion to Dismiss (#40).  This Court takes judicial notice of these public records pursuant to Federal Rule of Evidence 201.  See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (holding that the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).  Importantly, "[a] court may . . . consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  The Court therefore considers the judicially noticed documents without converting the Motion to Dismiss (#40) to a Rule 56 motion for summary judgment.

3

On March 15, 2010, Defendant ReconTrust executed a Notice of Default/Election to Sell Under Deed of Trust with regard to the first Deed of Trust. (Notice of Default (#40-11).) The Notice of Default was recorded by First American National Default as Document No. 398950 on March 19, 2010. (Id.)

On December 30, 2010, Defendant ReconTrust executed a Notice of Trustee's sale under the first Deed of Trust, setting a sale date for January 19, 2011. (Notice of Trustee's Sale (#40-12).) The Notice of Trustee's Sale was recorded by First American National Default as Document No. 407888 on January 4, 2011. (Id.) The sale has yet to take place.

## II. Procedural Background

On January 24, 2011, Plaintiffs filed a complaint (#4-1) in the First Judicial District Court of the State of Nevada in and for Carson City and recorded a lis pendens against the property. (Notice of Lis Pendens (#40-13).) On March 8, 2011, Defendants MERS, BAC, and ReconTrust filed a petition for removal (#1) to the United States District Court for the District of Nevada.

On October 12, 2011, we granted (#17) MERS, BAC, and ReconTrust's Motion to Dismiss (#7) and granted Plaintiffs leave to amend. Plaintiffs filed the First Amended Complaint (#29) on December 12, 2011.

On February 12, 2012, Defendants BAC, Harborview, and ReconTrust filed a Motion to Dismiss First Amended Complaint (#40). Plaintiffs filed their Opposition (#42) on March 5, 2012 and Defendants their Reply (#48) on March 15, 2012.

### III. Legal Standard

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. The Court must draw all reasonable inferences in favor of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line

5

between possibility and plausibility of 'entitlement to relief.'"
Id. (quoting Twombly, 550 U.S. at 557).

### IV. Discussion

### A. Violation of the Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). This duty requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991). To prevail on a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must show: (i) the plaintiff and defendants were parties to a contract; (ii) the defendant owed plaintiff a duty of good faith and fair dealing; (iii) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (iv) the plaintiff's justified expectations were denied. Fitzgerald v. Clarion Mortg. Capital, No. 3:10-cv-766-RCJ-RAM, 2011 WL 2633502, at *6 (D. Nev. Jul. 5, 2011) (citing Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995)).

Plaintiffs' first claim for relief alleges that Defendants violated the covenant of good faith and fair dealing by failing to disclose that Defendant Harborview, not Fieldstone, would actually fund the loan, and by misrepresenting that Plaintiffs would be able to refinance the loan if there was "any trouble with payments . . .

6

." (FAC ¶¶ 25-26.) With regard to the allegation that the loan was securitized and then funded by Defendant Harborview, Plaintiffs have failed to allege how that action contravenes the spirit of the note or the Deed of Trust. Plaintiffs contracted to and did in fact receive the funds for which their property was collateral - when Plaintiffs failed to make payments as required by the contracts, Defendants sought to foreclose in accord with those contracts. These facts in no way indicate that Defendants were "unfaithful to the purpose of the contract." See Hilton Hotels, 808 P.2d at 923. Plaintiffs have therefore failed to allege a single fact that would establish that the manner in which Defendants complied with the contracts contravened the intention or spirit of those contracts.

With regard to the allegation that Defendants misrepresented that refinancing would be readily available, this representation cannot constitute a breach of the covenant of good faith and fair dealing where nothing in the contracts provides that refinancing would be available. "A party cannot breach the covenant of good faith and fair dealing before a contract is formed." Larson v. Homecomings Fin., LLC, 680 F.Supp.2d 1230, 1236 (D. Nev. 2009) (citing Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc., 157 F.3d 933, 941 (2d Cir. 1998) ("[A]n implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct.")). "Because Plaintiffs' claim revolves entirely around alleged misrepresentation made before the contract was entered into, it fails as a matter of law." As this claim fails as a matter of law, Plaintiff will not again be granted leave to amend, as amendment would prove futile.

7

**B. Violation of Nev. Rev. Stat. § 107.080**

Plaintiffs claim that Defendants violated Nev. Rev. Stat. § 107.080 rests on allegations that Defendant ReconTrust executed the Notice of Default without providing evidence that it was the substituted trustee under the Deed of Trust and that ReconTrust did not have any authority from Defendant Harborview to advance the non-judicial foreclosure.  (FAC ¶¶ 34-35 (#29).)  However, this claim is belied by the judicially noticed documents.  Defendant ReconTrust was appointed trustee under the first Deed of Trust not once, but twice.   Defendant Harborview substituted Defendant ReconTrust as the trustee under the first Deed of Trust on March 19, 2010. (Substitution of Trustee (#40-10).)  MERS, acting as nominee and beneficiary of the lender under the first Deed of Trust, substituted Defendant ReconTrust as the trustee under the first Deed of Trust a second time on July 2, 2007.  (Substitution of Trustee (#40-8).) Section 107.080, as it was in effect at the time of the facts underlying these claims and at the time of the filing of complaint, lays out the actions that must be taken before a party may foreclose on a borrow.  First, the beneficiary, successor in interest of the beneficiary, or the trustee must first execute and cause to be recorded a notice of default.  NEV. REV. STAT. § 107.080(2)(c).  Three months after recording the notice of default, the trustee must record a notice of sale and provide notice to the borrower by personal service or by mailing the notice by registered or certified mail to the last known address of the borrower.  NEV. REV. STAT. § 107.080(4)(a).  In spite of Plaintiffs' allegations, the publicly recorded documents establish that Defendants complied with these

8

requirements, and that Defendant ReconTrust was in fact the trustee when it executed the Notice of Default and the Notice of Trustee's Sale and therefore had authority under the first Deed of Trust to advance the foreclosure.

Plaintiffs further claims that Defendant ReconTrust did not provide evidence that Defendant Harborview delivered a Declaration of Default to ReconTrust. (FAC ¶ 34 (#29).) However, section 107.080 does not require Defendants to produce such a document and Plaintiffs claim in that regard therefore fails. Defendants have provided judicially noticed documents that conclusively establish that they have comported with the requirements of Nev. Rev. Stat. § 107.080. Plaintiffs' claim that Defendants violated section 107.080 therefore fails as a matter of law.

Additionally, Plaintiffs' claim fails for the same reason we already dismissed the same claim in Plaintiffs' original complaint: Plaintiffs have failed to allege that they are not in breach of the loan agreements. An action for the tort of wrongful foreclosure will lie only "if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983). Because Plaintiffs have failed to allege that they are not in breach of the loan agreements, they have failed to state a claim for wrongful foreclosure. Furthermore, a claim for wrongful foreclosure does not arise until the power of sale is exercised. Id. As the property

9

has not yet been sold (Defs.' Mot. Dismiss at 4 (#40)), Plaintiffs' claim for wrongful foreclosure in violation of Nev. Rev. Stat. § 107.080 is not actionable and must be dismissed. Further, we dismiss this claim without leave to amend for reason of futility in light of the judicially noticed documents establishing Defendants' full compliance with section 107.080.

**C. Quiet Title**

In Nevada, a quiet title action maybe brought "by any person against another who claims an . . . interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NEV. REV. STAT. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself. Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-CV-0084, 2011 WL 4574388, at *3 (D. Nev. Sept. 30, 2011) (citing Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011)). Here, Plaintiffs have failed to allege that they are not in breach of the loan agreement and have alleged no facts demonstrating good title in themselves. In fact, Plaintiffs admit in the First Amended Complaint that they encumbered the property. (FAC ¶ 3 (#29).) Accordingly, their quiet title claim must be dismissed. Finally, because we dismiss this claim for the same reasons we dismissed it in our previous Order (#17), we now dismiss the claim with prejudice as leave to amend would prove futile.

10

**D. Fraud in the Inducement**

In order to state a claim for fraud in the inducement, a plaintiff must show that the defendant knowingly made a false representation with the intent to induce the plaintiff to consent to the contract's formation. J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc., 89 P.3d 1009, 1017 (Nev. 2004). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  In order to meet the heightened pleading requirements, a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. See Yourish v. Cal. Amplifier, 191 F.3d 983, 993 n. 10 (9th Cir. 1999).

Plaintiff alleges that Defendants Fieldstone and Quicken failed to explain to Plaintiffs that they were not qualified for the respective loans, misrepresented that refinancing would be available, and that the named lender was not the party that actually funded the loans.  (FAC ¶¶ 72-73.)  As Plaintiffs' allegations pertain to the origination of the loans, Plaintiff has failed to state a claim as any Defendant besides Fieldstone and Quicken.  See Mesi v. Wash. Mutual, F.A., No. 3:09-cv-00582 JCM (VPC), 2010 WL 3025209, at *2 (D. Nev. Jul. 30, 2010) (dismissing fraud in the inducement claim against defendants who were not involved in origination of the plaintiff's loan).  All Defendants besides Fieldstone and Quicken will therefore be dismissed.

11

## VI. Conclusion

Plaintiffs' first, second, and third causes of action fail as a matter of law and will therefore be dismissed with prejudice. With regard to Plaintiffs' fourth cause of action for fraud in the inducement, the Court will dismiss all Defendants not involved in the loan origination - that is, every Defendant except for Fieldstone and Quicken.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants BAC, Harborview, and ReconTrust's Motion to Dismiss (#40) is **GRANTED**. Plaintiffs' first, second, and third causes of action are **DISMISSED WITH PREJUDICE**. Plaintiffs' fourth cause of action for fraud in the inducement is **DISMISSED** as to Defendants Harborview Mortgage Loan Trust 2005-7 Mortgage Loan Pass-Through Certificates, Series 2005-7, Deutsche Bank National Trust Company, Trustee; Stewart Title Company; Title Source, Inc.; ReconTrust Company, N.A.; BAC Home Loans Servicing, LP; and First American Title Insurance Company.

DATED: September 7, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE